UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE BARAN,<br><br>Plaintiff,<br><br>v.<br><br>THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY; AND DOES 1-100, inclusive,<br><br>Defendants. | No. 2:17-cv-2606 WBS DB<br><br>ORDER |

On November 16, 2018, defendant The Northwestern Mutual Life Insurance Company filed a motion to compel along with the parties' Joint Statement Re Discovery Disagreement pursuant to Local Rule 251(a). (ECF No. 16.) The motion is noticed for hearing before the undersigned on November 30, 2018, pursuant to Local Rule 302(c)(1). Defendant's motion will be denied without prejudice for failing to properly meet and confer.

Local Rule 251(b) provides that a discovery motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]" In this regard, "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Id.)

1

Moreover, pursuant to the undersigned's Standard Information, "[w]ritten correspondence between the parties . . . is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b)."  See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.  And parties must meet and confer in person—distance permitting—prior to the filing of a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the joint statement.

Here, the joint statement reflects that on October 12, 2018, the parties attended in-person mediation and "discussed issued (sic) related to the matters raised here" but evidently did not discuss the discovery issues.  (ECF No. 16-1 at 2.)  On "October 16, 2018, defense counsel attempted to resolve outstanding matters" by sending a "detailed letter" to plaintiff's counsel.  (Id.)  Written correspondence between the parties, however, is insufficient to satisfy the parties' meet and confer obligations.

It appears that the parties' only meet and confer effort that complied with both the Local Rules and the undersigned's Standard Information, occurred on October 19, 2018.  (Id.)  That was almost a month prior to the filing of the motion to compel and the joint statement.  And the parties did not again confer in person or via telephone or video conferencing prior to the filing of the joint statement, as contemplated by the undersigned's Standard Information.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's November 16, 2018 motion to compel (ECF No. 16) is denied without prejudice to renewal; and

2.  The November 30, 2018 hearing of defendant's motion is vacated.

Dated:  November 26, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\baran2606.ftc.ord

2